UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD RUNNELS (#187611), Plaintiff | CIVIL ACTION NO. 1:16-CV-1482-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| STATE OF LOUISIANA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Donald Runnels (#187611) ("Runnels"). Runnels was granted leave to proceed *in forma pauperis*. (Doc. 7). Runnels is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Runnels claims that his criminal record is inaccurate, and he asks that a criminal conviction be expunged or removed from his record so that he can be released on parole.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Runnels was convicted of simple burglary in the Thirty–Third Judicial District Court in Allen Parish. See Runnels v. Warden, No. 14-cv-503, 2015 WL 7958618, at *1 (W.D. La. June 22, 2015). After the conviction, but before sentencing, the state filed a habitual offender bill. Id. While the habitual offender bill was pending, the

trial court sentenced Runnels on the underlying charges. See State v. Runnels, 101 So.3d 1046, 1049 (La.App. 3 Cir. 11/07/12). Following his appeal, Runnels was sentenced as a habitual offender. His motion for rehearing was denied, and Runnels did not seek further review in the state courts. See Runnels v. Warden, Avoyelles Marksville Det. Ctr., No. 14-cv-503, 2014 WL 6473231, at *1 (W.D. La. Nov. 18, 2014). Runnels has filed several habeas petitions in this District Court, which have been dismissed.

Runnels complains that the district court erroneously relied on a 1985 conviction from Iberia Parish in determining that Runnels is a habitual offender because "no fingerprint records or photos of his person appear in the record" connecting him to that crime. (Doc. 1, p. 2).

II. Law and Analysis

    A. Runnels's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Runnels is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Runnels's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Runnels's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for s*ua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.    **Runnels's claims against the State of Louisiana and the DOC are barred by the Eleventh Amendment.**

Runnels names as defendants the State of Louisiana and the DOC. Under the Eleventh Amendment to the United States Constitution, a state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by its citizens or citizens of other states. See Edelman v. Jordan, 415 U.S. 651 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of constitutional civil rights under the color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). Absent consent or waiver, the State of Louisiana is immune from suit in this action. Louisiana has expressly refused to consent to waiving its Eleventh Amendment immunity. See La. R.S. 13:5106(A).

Additionally, the shield of immunity extends to the Louisiana DOC as an agency of the state. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999).

Because the only named defendants are immune from suit, Runnels's complaint should be dismissed for lack of jurisdiction. See U.S. v. Texas Tech

University, 171 F.3d 279, 286 n. 9 (5th Cir. 1999) (reaffirming Fifth Circuit rule that Eleventh Amendment dismissals are for lack of subject matter jurisdiction).

      C.      <u>**Runnels cannot obtain the relief sought through a civil rights action.**</u>

Even if Runnels named a defendant that was not immune from suit, his complaint would still be dismissed. Runnels asks that his 1985 conviction be expunged or otherwise removed from his record. Runnels states that he "can't get parole until this 1985 record is removed." (Doc. 5, p. 8). Thus, Runnels seeks the expungement of a criminal conviction and a speedier release from custody.

The relief sought is not available through a civil rights action and must be requested through a petition for writ of habeas corpus. See <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997); <u>Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't</u>, 37 F.3d 166, 168 (5th Cir. 1994); <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 439 (5th Cir. 1989). A civil rights suit is the proper procedure for attacking unconstitutional conditions of confinement and prison procedures. See <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997); <u>Cook v. Texas Dept. of Criminal Justice Planning Dept.</u>, 37 F.3d 166, 168 (5th Cir. 1994) (§ 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004).

III. <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Runnels's complaint against the State of Louisiana and the DOC be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __10th__ day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge